HOYT TARBOX EXPRESS COMPANY *vs.* ATLANTIC SHORE RAILWAY.

Kennebec.   Opinion October 2, 1913.

*Carrier.   Contract.   Custom.   Damages.   Defect.   Exceptions.   Fire.*
*Form of Action.   Instructions.   Negligence.*

A carload of merchandise, while being carried by defendant company from Kennebunk Maine, by way of South Berwick to Dover, New Hampshire, on the 30th day of November, 1911, was destroyed by fire.   The contract for transporting plaintiff's merchandise was in writing, the eleventh paragraph of which is as follows: "the party of the second part (Express Company) is to assume all legal liability to the owners of any and all express matters collected, forwarded and distributed, except for such damages as are attributable to the negligence of the party of the first part, from imperfection in its cars, its tracks, its motive power, or negligence of the motorman running the said car."

The defendant excepted to the refusal of the presiding Justice to instruct the jury that "the plaintiff under its contract had no right to leave goods in the express cars over night, or upon holidays, and at the time in question, the defendant owed no duty to the plaintiff, such as is claimed in the writ, with reference to these particular goods so left in Car No. 101, as testified to by the various witnesses."

*Held:*   1.   That the requested instruction was properly withheld.

2.   That, if given, the effect would have been equivalent to a nonsuit.

3.   That in such cases, exceptions do not lie.

On motion and exceptions by defendant.   Motion and exceptions overruled.

This is an action on the case to recover damages claimed to have been sustained by the plaintiff in consequence of fire which destroyed

a carload of merchandise, which the defendant company was carrying over its railway from Kennebunk, Maine, to Dover, New Hampshire, on the 30th day of November, 1911. It is claimed by the plaintiff that through the negligence of the defendant company and its agents, said merchandise was burned and destroyed, on account of the defective condition of the stove in the car.

The defendant excepted to the refusal of the presiding Justice to give a requested instruction, which is fully stated in the opinion. The jury returned a verdict for the plaintiff for $2,312.64 and the defendant filed a motion for a new trial.

The case is stated in the opinion.

*Williamson, Burleigh & McLean,* for plaintiff.

*Allen & Willard, and B. F. Cleaves,* for defendant.

SITTING: SAVAGE, C. J., CORNISH, KING, BIRD, HANSON, JJ.

HANSON, J. This is an action to recover damages sustained by the plaintiff corporation by reason of the destruction by fire of a carload of merchandise which the defendant railway company was carrying in its usual course of business over its railway from Kennebunk, Maine, by the way of South Berwick, to Dover, New Hampshire.

The plaintiff recovered a verdict for $2,312.64, and the case comes to the Law Court on exceptions, and motion for a new trial.

The plaintiff was conducting its business on and over the defendant's railroad under a written contract between the parties, dated February 1, 1911. The controversy arises over paragraph eleven of the contract, which provides that "the party of the second part (the express company) is to assume all legal liability to the owners of any and all express matters collected, forwarded and distributed, except for such damages as are attributable to the negligence of the party of the first part, from imperfection in its cars, its tracks, its motive power, or negligence of the motorman running the said car."

It was the custom of the defendant to leave its cars at its car barn at night, on Sundays and holidays. The car barn was located at South Berwick. On the night before Thanksgiving, 1911, car 101 of defendant company, which contained the merchandise in question, was left at the car barn by the motorman and expressman.

to be there held until the morning after Thanksgiving, and then taken to Dover. It was taken into the barn that evening by defendant's servants, and remained there until about 5 o'clock on Thanksgiving, when it was moved out on a side track, where it was burned with its contents some eight hours later. From five o'clock P. M. on the day before Thanksgiving until the time of the fire, the car in question was under the exclusive charge of the defendant and its agents. It was heated by a coal stove similar to those in use in other cars of the defendant company, and a fire was kept in the stove during Thanksgiving day at least, and was replenished by defendant's servant just before placing it on the side track on the day of the fire.

The plaintiff contends that the loss by fire was due to the defective condition of the stove, and the negligent acts of defendant in making and keeping a fire in the car while on a side track at night, without proper safeguards, and without proper care and attention on the part of defendant's watchman, and insists that under the contract the defendant was not relieved from the exercise of due care while the car was held at the car barn over night or on holidays.

The defendant claims that it was not negligent, but was well within its rights in leaving the car on a side track at night with a fire burning in the stove, because it had been the custom to do so, and the plaintiff and its agents had knowledge of the custom; that holding the car at the car barn over night was for the benefit of the plaintiff, and that while there the goods were in storage, and not in transit, and consequently the defendant owed no duty to the plaintiff under its contract for transportation; and further that the stove was not defective, and if imperfect the plaintiff had knowledge thereof and did not inform the defendant, and therefore cannot recover in the present form of action.

The plaintiff founded its action upon negligence and assumed the burden of establishing it by proof. The evidence justified submitting the case to the jury. The issue was clearly stated to the jury, with appropriate instructions, and we do not think their verdict is so clearly wrong as to require us to set it aside.

Exception is taken to the refusal of the presiding Justice to rule, that "the plaintiff under its contract had no right to leave goods in the express cars over night or upon holidays, and at the time in

question the defendant owed no duty to the plaintiff such as is claimed in its writ with reference to these particular goods so left in car No. 101, as testified to by the various witnesses."

We think the defendant's requested instruction was properly withheld. If given, the effect would have been equivalent to a nonsuit. Exceptions do not lie in such cases. *Auburn* v. *Water Power Company,* 90 Maine, 71, and cases cited; *Dudley* v. *Paper Company,* 90 Maine, 257.

The entry will be,

*Motion and exceptions overruled.*